UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID JIMENEZ,

    Plaintiff,

v.                                                  CASE NO. 8:13-cv-439-T-23AEP

BERNIE McCABE, *et al.*,

    Defendants.
_____/

## **O R D E R**

Jimenez's complaint alleges that the defendants violated his civil rights by charging him and detaining him in jail pending the disposition of criminal charges. Jimenez's motion (Doc. 2) shows that he is entitled to proceed *in forma pauperis*. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although his complaint receives a lenient construction, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Jimenez's *pro se* complaint lacks merit.

Jimenez is in pre-trial detention pending the disposition of criminal charges. Jimenez sues private individuals, communication companies, and financial

institutions, apparently because each provided information to criminal investigators. Jimenez also sues the prosecutor. Jimenez fails to state a claim that he can pursue in a civil rights action.

Jimenez seeks the dismissal of the criminal charges pending in state court. The "abstention doctrine," established in *Younger v. Harris*, 401 U.S. 37, 45 (1971), generally bars a federal court from intervening in pending state court proceedings. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Accord Lawrence v. Miami-Dade State Attorney*, 272 Fed. App'x 781, 781-82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Dismissal of criminal charges pending in state court is not a remedy available in a civil rights action in federal court.

Jimenez also requests monetary damages for his time in pre-trial confinement. Jimenez can recover monetary damages from neither the private individuals nor the communication companies nor the financial institutions because none is a state actor. The complaint must allege facts showing that each defendant acted under color of state law. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980). "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982), quoting *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978). The

Fourteenth Amendment offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974). Also, prosecutorial immunity precludes Jimenez's recovering monetary damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . .'" *quoting Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). *See also Hart v. Hodges*, 587 F.3d 1288, 1294-96 (11th Cir. 2009), *cert. denied* ___ U.S. ___, 130 S. Ct. 3389 (2010), for a thorough review of the breadth of prosecutorial immunity.

Accordingly, the civil rights complaint is **DISMISSED**. The motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**. Any other pending motion is denied as moot. The clerk must enter a judgment against Jimenez and close this case.

ORDERED in Tampa, Florida, on August 9, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE